# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 15-182 (DWF/LIB-1) |
| | Civil No. 19-721 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| William Ike Libby, Jr., | |
| Petitioner-Defendant. | |

---

William Ike Libby, Jr., Petitioner-Defendant, *Pro Se*.

Lisa D. Kirkpatrick, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

---

# INTRODUCTION

This matter is before the Court on Petitioner-Defendant William Ike Libby, Jr.'s ("Petitioner-Defendant") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 142.) The United States of America (the "Government") opposes Petitioner-Defendant's motion. (Doc. No. 148.)

Specifically, Petitioner-Defendant alleges that he received ineffective assistance of counsel in that his attorney failed to challenge two prior convictions counted as predicates for sentencing purposes and requests that he be resentenced without enhancement pursuant to the Armed Career Criminal Act ("ACCA"). The Government opposes any order to disturb the judgment entered on the grounds that

Petitioner-Defendant received adequate representation throughout the proceedings, and any attempt on his counsel's part to contest the applicability of the ACCA would have been futile. The Government further argues that no evidentiary hearing is warranted because the record conclusively supports the judgment as entered.

For the reasons set forth below, the Court denies Petitioner-Defendant's motion.

## BACKGROUND

Petitioner-Defendant was charged with a single count of being a felon in possession of a firearm by an indictment filed on June 9, 2015. (Doc. No. 1 ("Indictment").) The Indictment listed a sole count in violation of both 18 U.S.C. § 922(g)(1) and, because Petitioner-Defendant was previously convicted of at least three qualifying predicate offenses, 18 U.S.C. § 924(e). (*Id.*)

Pursuant to a written plea agreement (Doc. No. 97 ("Plea Agreement")), on March 24, 2016, Petitioner-Defendant entered a plea of guilty to the sole count of the Indictment. (*See also*, Doc. No. 96.) A Presentence Investigation Report ("PSR") was ordered (*see id.*), and each party filed a sentencing memorandum setting forth their respective positions (Doc. Nos. 108, 109). Petitioner-Defendant also submitted two supplemental memoranda to clarify his position on sentencing issues. (Doc. Nos. 112, 116.) The PSR included calculations under the 2015 United States Sentencing Guidelines (the "Guidelines") totaling an adjusted offense level of 31 and a criminal history category ("CHC") of VI, which resulted in an advisory Guidelines range of 188 to 235 months' imprisonment. (Doc. No. 106 ("PSR") ¶¶ 16, 92.) Petitioner-Defendant responded to the initial version of the PSR that was disclosed to the parties; one proposed

Petitioner-Defendant received adequate representation throughout the proceedings, and any attempt on his counsel's part to contest the applicability of the ACCA would have been futile. The Government further argues that no evidentiary hearing is warranted because the record conclusively supports the judgment as entered.

For the reasons set forth below, the Court denies Petitioner-Defendant's motion.

## BACKGROUND

Petitioner-Defendant was charged with a single count of being a felon in possession of a firearm by an indictment filed on June 9, 2015. (Doc. No. 1 ("Indictment").) The Indictment listed a sole count in violation of both 18 U.S.C. § 922(g)(1) and, because Petitioner-Defendant was previously convicted of at least three qualifying predicate offenses, 18 U.S.C. § 924(e). (*Id.*)

Pursuant to a written plea agreement (Doc. No. 97 ("Plea Agreement")), on March 24, 2016, Petitioner-Defendant entered a plea of guilty to the sole count of the Indictment. (*See also*, Doc. No. 96.) A Presentence Investigation Report ("PSR") was ordered (*see id.*), and each party filed a sentencing memorandum setting forth their respective positions (Doc. Nos. 108, 109). Petitioner-Defendant also submitted two supplemental memoranda to clarify his position on sentencing issues. (Doc. Nos. 112, 116.) The PSR included calculations under the 2015 United States Sentencing Guidelines (the "Guidelines") totaling an adjusted offense level of 31 and a criminal history category ("CHC") of VI, which resulted in an advisory Guidelines range of 188 to 235 months' imprisonment. (Doc. No. 106 ("PSR") ¶¶ 16, 92.) Petitioner-Defendant responded to the initial version of the PSR that was disclosed to the parties; one proposed

amendment was incorporated into the final version. (PSR at A.1.)

Petitioner-Defendant's remaining objection was noted in the PSR Addendum, and the substance of the objection was also addressed in Petitioner-Defendant's first sentencing memorandum. (PSR at A.1-2; Doc. No. 108 at 2.)

Petitioner-Defendant was sentenced on December 22, 2016. At sentencing, this Court adopted the PSR without change. (Doc. No. 126 ("Statement of Reasons") Sec. I.) The Court pronounced a sentence below the Guidelines range, sentencing Petitioner-Defendant to 180 months of imprisonment, to run concurrent with his undischarged term of imprisonment as to a pending state court matter, to be followed by 5 years of supervised release (Doc. No. 125 at 1-3; Doc. No. 136 ("Sentencing Hearing") at 53, 62).

Petitioner-Defendant filed a Notice of Appeal on December 30, 2016. (Doc. No. 130.) Petitioner-Defendant appealed his sentence on the ground that his October 1997 conviction for first degree aggravate robbery was not a qualifying predicate offense for sentencing pursuant to the ACCA. *United States v. Libby*, 880 F.3d 1011, 1013 (8th Cir. 2018). In his appeal, Petitioner-Defendant did not contest that the other two prior convictions counted as predicates in determining him to be an armed career criminal ("ACC"). *Id.* The Eighth Circuit found that the Minnesota statute in question was divisible and, using the categorical approach, found that Petitioner-Defendant's conviction qualified as a violent felony for the purposes of the ACCA, and affirmed his sentence. *Id.* at 1014, 1016. Petitioner-Defendant timely filed this § 2255 motion and

3

supporting memorandum of law on March 15, 2019 (Doc. Nos. 142, 143), which the Government opposed (Doc. No. 148).

I. **Plea Agreement**

Petitioner-Defendant signed a Plea Agreement with the Government on March 24, 2016. (Plea Agreement at 6.) The parties agreed that Petitioner-Defendant would plead guilty to the single listed count, Count 1, Felon in Possession of a Firearm – Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (*Id.* ¶ 1.) The parties agreed to the factual basis for the offense and that Petitioner-Defendant is an Armed Career Criminal ("ACC") based on his prior convictions for violent felonies or serious drug offenses, including convictions for First Degree Aggravated Robbery, Second Degree Assault, and Second Degree Sale of a Controlled Substance. (*Id.* ¶ 2.) The parties also agreed that by statute, Count 1 carried a mandatory minimum penalty of 15 years' imprisonment. (*Id.* ¶ 3(b).) The Plea Agreement addressed the applicable Guidelines, with the parties stipulating that the applicable base offense level was 34 and was subject to enhancement due to Petitioner-Defendant's status as an ACC. (*Id.* ¶ 5(a).) The parties also agreed that no specific offense characteristics applied, and stated that it was their shared belief, but not a stipulation, that Petitioner-Defendant's criminal history score would place him in CHC VI. (*Id.* ¶ 5(b),(d).) Using these calculations, factoring in a three-level reduction in the offense level for acceptance of responsibility, the parties agreed that the applicable Guidelines range would be a sentence of 188 to 235 months' imprisonment. (*Id.* ¶ 5(c)-(e).) The Government agreed to recommend a sentence of 180

4

months of imprisonment as long as Petitioner-Defendant demonstrated acceptance of responsibility as anticipated in the Plea Agreement.  (*Id.* ¶ 5(h).)

The parties stated their understanding that while they were bound by their stipulations with respect to Guidelines calculations, the Court was not.  (*Id.* ¶ 6.)  The parties agreed that the Court "may make its own determination regarding the applicable guideline factors and the applicable [CHC]," and "may also depart from the applicable Guidelines."  (*Id.*)  Even if the Court determined that the applicable Guidelines calculations or Petitioner-Defendant's CHC were different from those calculated by the parties, they agreed that they could not withdraw from the Plea Agreement and that this Court's determinations would govern the sentence imposed.  (*Id.*)

## II. Presentence Investigation Report

On the same day that Petitioner-Defendant entered his plea of guilty, this Court ordered the United States Probation Department ("Probation") to prepare a Presentence Investigation Report ("PSR").  (Doc. No. 96.)  The PSR included a summary of the Plea Agreement, noting the parties' mutual belief that Petitioner-Defendant qualified as an ACC and was subject to such sentencing enhancements, but that the Plea Agreement did not address waivers of appeal.  (Doc. No. 106 ("PSR") ¶ 3.)  The PSR also recounted the underlying offense conduct for Count 1 of the Indictment, including Petitioner-Defendant's admission that "he knew he was prohibited from possessing firearms, as he had multiple prior felony convictions."  (*Id.* ¶ 11.)

The PSR discussed the application of the Guidelines, using the then-current 2015 version which incorporated all amendments.  (*Id.* ¶ 16.)  Petitioner-Defendant's base

offense level was calculated to be 24 due to his prior felony convictions, specifically his October 2007 convictions for first degree aggravated robbery and second degree assault as well as his 2010 conviction for second degree sale of drugs. (*Id.* ¶ 17.) Pursuant to USSG §2K2.1(b)(6), Petitioner-Defendant was subject to a four-point increase because he possessed weapons in connections with another felony offense. (*Id.* ¶ 20.) The cross reference was considered but the Guidelines calculations under the specific offense characteristic enhancement were used because it resulted in the higher offense level. (*Id.* ¶ 21.) The final calculus, factoring in Petitioner-Defendant's status as an ACC as well as a three-level reduction for acceptance of responsibility, resulted in an adjusted offense level of 31. (*Id.* ¶¶ 26, 29.)

Part B of the PSR detailed Petitioner-Defendant's criminal history, noting the three prior felony convictions which were counted as ACCA predicates. (*Id.* at ¶ 40, 41, 50.) Two points were added to his score per the Guidelines because the offenses in question took place while Petitioner-Defendant was under a previously imposed criminal sentence, resulting in a total score of 22 which placed Petitioner-Defendant in CHC VI. (*Id.* at ¶¶ 53-55.) Following the Guidelines, the total offense level of 31 combined with a CHC of VI resulted in a range of 188 to 235 months' imprisonment, the same range contemplated in the Plea Agreement. (*Id.* at ¶¶ 92, 94.) Aside from the Guidelines, by statute Petitioner-Defendant faced a minimum term of 15 years' imprisonment. (*Id.* ¶ 91.)

The PSR also noted that at the time of sentencing, Petitioner-Defendant was serving an undischarged term of imprisonment for a previous state court conviction, and

that his sentence for the present case could be imposed to run concurrently, partially concurrently, or consecutively to the undischarged term. (*Id.* at ¶ 93.)

Petitioner-Defendant's unresolved objection to the PSR was noted in its addendum. (*Id.* at A.1.)

### III. Petitioner-Defendant's Predicate Convictions

Both the Plea Agreement and the PSR outlined Petitioner-Defendant's prior convictions, including three that the parties agreed were predicate convictions under the ACCA. (Plea Agreement at 2; PSR ¶¶ 40, 41, 50.) Petitioner-Defendant was convicted on October 31, 1997, of two separate offenses which took place on or about April 15, 1997 and July 17, 1997, respectively. (Doc. No. 118-2, Petitioner-Defendant Second Supplemental Memorandum Exh. 2 at 13, 24.) As noted in the Plea Agreement and detailed in the PSR, Petitioner-Defendant was convicted as an adult of Aggravated Robbery in the First Degree in violation of Minn. Stat. § 609.245 subd. 1 as well as Assault in the Second Degree in violation of Minn. Stat. § 609.222 subd. 1 in October of 1997, and later convicted of Sale of a Controlled Substance in the Second Degree in violation of Minn. Stat. § 152.022 subd. 1. (Plea Agreement at 2; PSR ¶¶ 40, 41, 50.) Petitioner-Defendant was represented by counsel and entered pleas of guilty in all three cases. (PSR ¶¶ 40, 41, 50.)

### IV. Petitioner-Defendant's Sentencing Memoranda

Petitioner-Defendant submitted, through counsel, a sentencing memorandum requesting the 180-month minimum term of imprisonment under the applicable provision of the ACCA, consistent with the Plea Agreement. (Doc. No. 108 ("Sentencing Mem.")

7

at 1.) Petitioner-Defendant renewed his objection to the PSR and requested that the comment attributed to him by a concerned citizen regarding his alleged statement about "suicide by cop" be omitted because he denied making the comment and such an allegation could negatively impact the conditions of his confinement. (Sentencing Mem. at 2.) Petitioner-Defendant also asked that the Court consider the restrictive conditions of his pre-trial detention when determining the appropriate custody credit. (*Id.* at 6.)

Petitioner-Defendant submitted a supplemental memorandum additionally requesting that the sentence imposed in this case be ordered to run concurrent to any sentence which would result from a then-pending state court matter. (Doc. No. 112 at 1.)

Finally, Petitioner-Defendant's attorneys submitted a second supplemental memorandum on his behalf asking that the Court sentence him in light of recent cases in which other courts from this District had found that a conviction for first degree aggravated robbery under Minnesota law would not be a qualifying predicate offense under the ACCA. (Doc. No. 116 ("Second Supp. Mem.") at 2.)

Petitioner-Defendant argued that "defense counsel erroneously advised" him that he had the three requisite convictions to trigger the ACCA 15-year mandatory minimum sentence enhancement, causing him to agree to his classification as an ACC in the Plea Agreement and at his plea colloquy and to refrain from objecting to such classification in his PSR. (Second Supp. Mem. at 2.) Based upon recent court opinions in which convictions under Minnesota's first degree aggravated assault statute were found not to qualify as a violent felony for ACCA purposes, Petitioner-Defendant argued that he did not have three predicates that would subject him to the mandatory minimum sentence.

8

(*Id.* at 2-3.) Because ACCA sentencing did not apply, Petitioner-Defendant argued that "the sentence anticipated by the parties in the [P]lea [A]greement and the [PSR's] calculation of his offense level is incorrect," and the correct Guidelines calculations would place Petitioner-Defendant at a total offense level of 27. (*Id.* at 10-11.) Under the applicable statute, however, the term of imprisonment would be limited to a maximum of 120 months. (*Id.* at 11.)

## V. Sentencing Hearing

Petitioner-Defendant appeared with counsel for sentencing on December 26, 2016. (Doc. No. 136 ("Sentencing Hearing").) At the outset, the Court stated that the "key issue" was that of the predicate felony, and noting that this Court was "familiar with the cases by [its] colleagues" but that in this Court's view, it was not possible to commit first degree aggravated robbery without committing the elements of simple robbery. (Sentencing Hearing at 2-3.) The Court further noted that if that conviction was found not to be a predicate felony, that would result in a Guidelines calculation of a total offense level of 27 and CHC VI, resulting in a sentencing range of 130 to 162 months. (*Id.* at 9.) However, the applicable Guidelines range would be academic because the question would be whether Petitioner-Defendant was subject to a 10-year statutory maximum or a 15-year mandatory minimum. (*Id.* at 10.)

The Government maintained that "first degree aggravated robbery is categorically a violent felony and there is no need to look at the modified categorical approach," because to commit that offense, "by necessity you committed simple robbery under Minnesota law," an offense which in turn implicates the lesser included offense of fifth

degree assault.  (*Id.* at 10-11.)  Counsel for Petitioner-Defendant argued that the lesser included offense of simple robbery would not meet the requirements for a violent felony predicate under the Supreme Court's *Johnson* standard, and even if the Minnesota statute of conviction was analyzed using a categorical approach, the lesser included offense of simple robbery would not meet the requirements for a violent felony predicate.  (*Id.* at 20-21; citing *Johnson v. United States*, 135 S. Ct. 2551 (2015).)

The Court stated its approval of the Government's reasoning, clarifying that a violation of Minnesota's aggravated robbery statute includes committing simple robbery, defined by its requirement that the offender use force or the threat of force.  (*Id.* at 12-13.)  Even under the modified categorical approach that Petitioner-Defendant advocated, the Court found that the ACCA sentencing enhancement would apply.  (*Id.* at 27-28.)  Importantly, the Court found that the force element of the included offense of simple robbery meant that Petitioner-Defendant's conviction for first degree aggravated robbery under Minnesota law was categorically a predicate conviction for ACCA sentencing purposes.  (*Id.* at 28.)  The Court determined that the applicable Guidelines calculations totaled an adjusted offense level of 31 and CHC VI, resulting in a range of 188 to 235 months of imprisonment and subject to a mandatory minimum of 180 months.  (*Id.* at 30.)  The Court pronounced a sentence of 180 months in the custody of the Bureau of Prisons, to run concurrently with Petitioner-Defendant's state sentence.  (*Id.* at 61.)

Petitioner-Defendant's counsel objected to the Court's ruling on his behalf and again asked that the contested phrase in his PSR be removed.  (*Id.* at 31-32.)

Petitioner-Defendant addressed the Court, asking why he was determined to be an ACC, expressing his concern that he was "being railroaded for something that happened when [he] was 17." (*Id.* at 67, 69.) The Court acknowledged that other courts had ruled differently, but explained that the determination was made by analyzing the elements of the relevant statutes. (*Id.* at 68.)

Petitioner-Defendant appealed to the Eighth Circuit on the ground that his October 1997 conviction for first degree aggravated robbery should not have been counted as a predicate for ACCA purposes, and without this conviction, he would not have the requisite three predicates to be classified as an ACC at sentencing. *Libby*, 880 F.3d at 1013. He did not contest that the other two prior convictions counted as predicates for sentencing pursuant to the ACCA. *Id.* The Eighth Circuit affirmed Petitioner-Defendant's sentence. *Id.* at 1016.

Petitioner-Defendant now contends that he received ineffective assistance of counsel in that his attorneys failed to challenge the use of his prior convictions for second degree assault and second degree sale of drugs as ACCA predicates. (Doc. No. 142 at 9.) By his interpretation of the law, the Minnesota statutes under which he was convicted do not meet the criteria required following *Johnson*, and "he pled guilty to being an Armed Career Criminal because his attorney duped him into believing it." (Doc. No. 149 at 1.)

The Government maintains that each of Petitioner-Defendant's prior convictions has been held categorically as qualifying ACCA predicates and, consequently, he was accurately advised by his counsel and the Court correctly applied the law at sentencing. (Doc. No. 148 at 4, 7-8, 11.)

# DISCUSSION

## I. Section 2255 Legal Standard

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). As elaborated below, Petitioner-Defendant's claims do not describe any fundamental constitutional, jurisdictional, or other severe defect in his sentence.

## II. Ineffective Assistance of Counsel

Petitioner-Defendant claims two grounds for relief based on ineffective counsel in his attorneys' failure to challenge: (1) his October 1997 second degree assault conviction, and (2) his 2008 second degree drug sale conviction. (Doc. No. 142.) It

follows that excluding either conviction, his sentence would not have been subject to the mandatory 180-month minimum under the ACCA.

Every criminal defendant has a constitutional right, guaranteed by the Sixth and Fourteenth Amendments, to effective counsel at trial and sentencing. *Strickland v. Washington*, 466 U.S. 668, 706 (1984); *Wooten v. Norris*, 578 F.3d 767, 781 (8th Cir. 2009). The Eighth Circuit follows the two-part *Strickland* test for reviewing claims of ineffective counsel; to succeed in his claim, Petitioner-Defendant must show that his counsel's performance was unreasonably deficient, and that Petitioner-Defendant "suffered such prejudice from the deficient performance there is a reasonable probability the result would have been different." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014). To prevail on a claim for ineffective assistance of counsel under § 2255, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d at 1076. An attorney's performance is not deficient for declining to file a motion he or she reasonably believes would be futile, nor is it deficient if an attorney fails to anticipate a change in law. *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014). A court does not need to determine whether an attorney's performance was deficient before examining the issue of whether the defendant suffered any prejudice "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Nelson v. United States*, 909 F.3d 964, 970 (8th Cir. 2018).

Careful review of the record before this Court shows that the facts do not support Petitioner-Defendant's claims. As detailed below, his prior convictions were correctly

found to be qualifying ACCA predicates. It was not ineffective to fail to challenge their inclusion as such in the sentencing calculations.

## III. ACCA

The Armed Career Criminal Act of 1984 instructs that if a defendant has three previous convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

A "violent felony" is defined under the ACCA as "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added). In its pivotal *Johnson* decision, the Supreme Court held that § 924(e)(2)(B)(ii), known as the residual clause, is unconstitutionally vague. 135 S. Ct. 2551 (2015). The Supreme Court reinforced prior opinions holding that the preceding clause, the so-called elements clause, remains in force and that courts must use the categorical approach to determine if a prior conviction is a predicate, assessing "whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.* at 2557 (internal quotation marks and citation omitted).

A qualifying "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or

14

distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(1)(A)(ii).

### A. First Degree Aggravated Robbery

Petitioner-Defendant was convicted on October 31, 1997 of Felony First Degree Aggravated Robbery, in violation of Minn. Stat. § 609.245 subd. 1. (PSR ¶ 40.) As addressed above, Petitioner-Defendant first appealed his case to the Eighth Circuit Court of Appeals, where it was upheld. *Libby*, 880 F.3d at 1016. There, the Court used the categorical approach to find that simple robbery is a "constituent part of the crime defined under Minn. Stat. § 609.245 subd. 1," implicating violent force and qualifying as a violent felony under the ACCA. *Id.* at 1014-16. The Eighth Circuit revisited the issue in light of the Supreme Court's 2019 *Stokeling* decision, again finding that a conviction under Minnesota law for simple robbery "requires violent force and qualifies as a predicate offense under the ACCA." *Taylor v. United States*, No. 17-1760, 2019 WL 2407746, at *1-2 (8th Cir. June 7, 2019) (*citing United States v. Pettis*, 888 F.3d 962 (8th Cir. 2018) *cert. denied* 139 S. Ct. 1258 (2019); *Stokeling v. United States*, 139 S. Ct. 544 (2019)).

### B. Second Degree Assault

Petitioner-Defendant was convicted on October 31, 1997 of Felony Second Degree Assault, in violation of Minn. Stat. § 609.222 subd. 1. (PSR ¶ 41.) At the time of his conviction and under current law, violation of this statute carries a penalty of up to seven years' imprisonment. Minn. Stat. § 609.222 subd. 1.

15

The Eighth Circuit has held that "second-degree assault under Minn. Stat. § 609.222 requires the use, attempted use, or threatened use of physical force against another and therefore qualifies as a violent felony for ACCA purposes." *United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir. 2016); *see also United States v. Wadena*, 895 F.3d 1075, 1076 (8th Cir. 2018).

C.     **Second Degree Sale of Drugs**

Petitioner-Defendant was convicted on November 17, 2008 of Felony Second Degree Drug Sale in violation of Minn. Stat. § 152.022 subd. 1(1) for offense conduct including the possession of 59 grams of a methamphetamine mixture. (PSR ¶ 50.) According to the statute as it was in effect at that time, "[a] person is guilty of controlled substance crime in the second degree if: (1) on one or more occasions within a 90-day period the person unlawfully sells one or more mixtures of a total weight of three grams or more containing cocaine, heroin, or methamphetamine." Minn. Stat. § 152.022 subd. 1 (1989).[1] The penalty for conviction of second degree sale of drugs under Minnesota law

---

[1]     The statute in question, including subdivisions 1 and 3, was in effect from August 1, 1989 to August 1, 2016. The text was last updated on September 1, 2006. Under the current version, the wording has changed somewhat but the underlying offense conduct that is prohibited, and to which Petitioner-Defendant pled guilty, is essentially unchanged: "on one or more occasions within a 90-day period the person unlawfully sells one or more mixtures of a total weight of ten grams or more containing a narcotic drug other than heroin." Minn. Stat. § 152.022 subd. 1(1) (2016). The penalty remains the same in the most recent version. Minn. Stat. § 152.022 subd. 3(a) (2016). While the changes in the statute language do not affect this Court's analysis in this case, it should also be noted that the caselaw holding that conviction under Minnesota's second degree sale of drugs statute is an ACCA predicate analyzed the version in effect at the time of Petitioner-Defendant's conviction.

16

includes imprisonment for a term "not more than 25 years." Minn. Stat. § 152.022 subd. 3(a) (1989). Under the applicable chapter, to "sell" means:

(1) To sell, give away, barter, deliver, exchange, distribute or dispose of to another, or to manufacture; or
(2) To offer or agree to perform an act listed in clause (1); or
(3) To possess with intent to perform an act listed in clause (1).

Minn. Stat. § 152.01 subd. 15(a).

"Knowingly offering to sell drugs is a 'serious drug offense' under the ACCA." *United States v. Wadena*, 895 F.3d 1075, 1077 (8th Cir. 2018) (citing *United States v. Bynum*, 669 F.3d 880, 886 (8th Cir. 2012).) The Eighth Circuit has rejected the argument that in order to qualify as a conviction for a serious drug offense "involving . . . possession with intent to manufacture or distribute," an offer to sell drugs must be genuine or be accompanied by an actual intent to distribute, holding that the ACCA's definition of a "serious drug offense" is not restricted to only offers to exchange drugs for value and does not require more than a "mere agreement to distribute a controlled substance, even absent some overt act in furtherance of the conspiracy." *Bynum*, 669 F.3d at 886-87. Because the maximum range of punishment for conviction under the statute of conviction exceeds ten years, and because it was a conviction for possession of a federally controlled substance with the intent to deliver, this conviction was a "serious drug offense" and counts as an ACCA predicate conviction.

Petitioner-Defendant has three previous convictions that qualify as either violent felonies or serious drug offenses as defined by the ACCA. Because it would have been futile (and disingenuous) for his counsel to contest the convictions he now asks this Court

to find not to be predicates, he was not prejudiced by their failure to do so. Consequently, Petitioner-Defendant has failed to show that he is entitled to the relief requested.

## EVIDENTIARY HEARING

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). No hearing is necessary when the record is clear. *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999). Applying this standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes

that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882 83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court finds that the record in this case entirely forecloses any notion that Petitioner-Defendant's counsel provided ineffective assistance of counsel by failing to argue that Petitioner-Defendant's prior convictions for second degree assault and second degree sale or possession of drugs were not qualifying predicate convictions for sentencing under the ACCA. Based upon the presentations and submissions of the parties, the Court having carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant William Ike Libby, Jr.'s *pro se* Motion to Vacate, Set Aside or Vacate Sentence and Conviction Judgment Pursuant to 28 U.S.C. § 2255 (Doc. No. [142]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 3, 2019

                                                s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge